IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SARA and BRENT WEINFURTER
25 West Pleasantview Court
Appleton, WI 54914

                                    Plaintiffs,          Case No.: 1:21-cv-509

v.

THE HILLMAN MEDICAL PLAN
c/o The Hillman Group
10590 Hamilton Avenue
Cincinnati, OH 45231

and

UMR, INC.
115 West Wausau Avenue
Wausau, WI 54403
 c/o Registered Agent CT Corporation System
301 South Bedford Street, Suite 1
Madison, WI 53703

                                    Defendants.

## COMPLAINT

Plaintiffs Sara and Brent Weinfurter, by their attorneys, Mayer, Graff & Wallace LLP,

alleges as follows:

### THE PARTIES

1.      Plaintiffs Sara and Brent Weinfurter are and were at all relevant times adult

citizens of the State of Wisconsin domiciled and residing at 25 West Pleasantview Court,

Appleton, Wisconsin 54914.

2.      Defendant The Hillman Medical Plan (the "Plan") is and was at all relevant times

a group health insurance plan issued to the Weinfurters, among others, and administered by The

Hillman Group, 10590 Hamilton Avenue, Cincinnati, Ohio 45231 and with the same entity and address listed as its registered agent for service of process.

3.     Defendant UMR, Inc. ("UMR") is and was at all relevant times a foreign corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 115 West Wausau Avenue, Wausau, Wisconsin 54401 and with a registered agent identified as CT Corporation System, 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

4.     UMR was and is at all relevant times the third-party administrator of the Plan and handled all medical claims on behalf of the Plan.

5.     The Weinfurters were at all relevant times members of the Plan which provided medical expenses coverage consistent with the terms and conditions.

## JURISDICTION & VENUE

6.     The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, conferring jurisdiction upon this Court over all civil actions arising out of the laws of the United States. This controversy arises under 29 U.S.C. § 1001 *et seq.* ("ERISA").

7.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because the underlying claim for health insurance benefits giving rise to this action occurred in Outagamie County, Wisconsin.

## GENERAL ALLEGATIONS

8.     At all relevant times, Sara Weinfurter ("Sara") followed the instructions and recommendations of her healthcare providers to obtain medical care and treatment.

9.     At all relevant times, the Plan provided coverage for substance abuse disorder and chemical dependency, including alcoholism, as required by Wis. Stat. § 632.89.

2

10.     Prior to June 18, 2020, Sara developed an addiction and dependency on alcohol. Sara denied and minimized her addiction for many months.

11.     On or about June 18, 2020, Sara finally agreed to be seen at Theda Care for a substance abuse evaluation.

12.     Following her substance abuse evaluation, Sara was scheduled to begin intensive outpatient treatment with Theda Care Behavioral Health starting on or about July 6, 2020 and continuing for a period of five weeks.

13.     Unfortunately, Sara relapsed multiple times during the course of her outpatient treatment and was eventually discharged from the program and referred to a higher level of care at an inpatient treatment center.

14.     Sara was subsequently sought treatment at Casa Clare, an inpatient drug and alcohol rehabilitation center in Appleton, Wisconsin.

15.     On or about November 9, 2020, Sara was to be admitted to Casa Clare for treatment. However, her healthcare providers noted concerns about withdrawals and seizures and Sara reported that she was feeling "shaky."

16.     As a result of the above concerns and symptoms, Sara was instead admitted to St. Elizabeth's Health Unit for detox observations. She remained in the hospital from November 9 to November 11, 2020 for observation.

17.     On November 11, 2020, after two days in the hospital for observation, Sara was transferred back to Casa Clare where she remained in inpatient treatment until December 10, 2020.

18.    To date, Sara continues to seek appropriate treatment for her addiction and dependency on alcohol based on the instructions and recommendations of her healthcare providers.

19.    The Weinfurters subsequently made a claim or claims under the Plan for the care and treatment described above.

20.    UMR, the Plan, and/or their authorized representatives denied these claims based on a determination that the treatment was not "medically necessary." This determination was upheld after both first- and second-level appeals.

21.    Despite information from Sara's providers and counselors that Sara had a severe addiction and dependency on alcohol, was at risk of withdrawal and seizures, engaged in behaviors with the potential to cause harm to herself and others while under the influence of alcohol, and that "her bottom was death", UMR, the Plan, and/or their authorized representatives maintain there is no coverage for the services provided by St. Elizabeth's Health Unit/Ascension of NE Wisconsin and/or Casa Clare.

22.    The Weinfurters have exhausted all administrative remedies in an effort to recover benefits for the above services.

23.    As a result of the above denial of benefits, the Weinfurters have incurred and will continue to incur significant out-of-pocket expenses to cover those necessary treatments.

### FIRST CAUSE OF ACTION – WRONGFUL DENIAL OF BENEFITS

24.    The Weinfurters have substantially complied with all terms and conditions of the Plan.

25.    The Plan is an employee benefit plan governed by ERISA. See 29 U.S.C. § 1002(3).

4

26. The Plan provided coverage for substance abuse disorder and chemical dependency care.

27. Sara's treatment at St. Elizabeth's Health Unit/Ascension of NE Wisconsin and/or Casa Clare for her substance abuse disorder was medically necessary.

28. Sara's treatment at St. Elizabeth's Health Unit/Ascension of NE Wisconsin and/or Casa Clare for her substance abuse disorder was and is covered by the Plan.

29. The Weinfurters promptly reported complete claims for the above-described medical care.

30. By virtue of the terms of the Plan and the Weinfurters making a claim or claims for the above-described medical care, the Plan and/or UMR was obligated to pay amounts due and owing to the Weinfurters or on the Weinfurters' behalf for Sara's covered medical care.

31. The Plan and/or UMR failed to comply with Plan procedures for indemnifying the Weinfurters for the above-described treatment.

32. Pursuant to 29 U.S.C. § 1132(a)(I)(B), a civil action may be brought to recover benefits due and owing under the terms of an ERISA plan, such as the one at issue in this matter.

33. The Weinfurters are entitled to those benefits provided in the Plan for Sara's above-described medical care.

34. UMR, the Plan, and/or their authorized representation's denial of benefits to the Weinfurters was arbitrary and capricious.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. For compensatory damages, including prejudgment interest, arising out of the Plan and/or UMR's wrongful denial of benefits;

B. For litigation and investigation costs, including attorney fees; and

5

C. For all other relief this Court deems just and proper, including the costs and disbursements of this proceeding.

**PLAINTIFFS DEMAND A TRIAL BY JURY OF 12 PERSONS**

Dated this 20th day of April, 2021.

MAYER, GRAFF & WALLACE LLP

By: _s/ Justin F. Wallace_____

Justin F. Wallace, SBN: 1069331
Joshua M. Greatsinger, SBN: 1094313
Attorneys for Plaintiffs Sara and Brent Weinfurter
Mayer, Graff & Wallace, LLP
1425 Memorial Drive
Manitowoc, WI 54220
Telephone: (920) 683-5800
Facsimile: (800) 465-1031
jwallace@mgwlawwi.com
jgreatsinger@mgwlawwi.com

6