UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SARA WEINFURTER and
BRENT WEINFURTER,

                Plaintiffs,

                v.                                Case No. 21-C-509

THE HILLMAN MEDICAL PLAN and
UMR INC.,

                Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

In order to expedite the flow of discovery and preserve and maintain the confidentiality of certain information, including but not limited to, protected health information and personal identifiers, the parties agree:

1. **Protected Health Information and Other Confidential Information is to Remain Confidential.** Both Plaintiffs, and their attorneys and their law firm, and Defendants, and their attorneys and their law firm, ("Parties and Attorneys") shall keep all Confidential Information acquired during the course of this litigation, strictly confidential. Confidential Information shall include, but not be limited to, all medical records and payment records, and any information regarding health status, provision of health care, or payment for health care, or any proprietary information.

2. **Nondisclosure of Confidential Information.** The Parties, Attorneys, expert witnesses, and any individual who obtains Confidential Information, including proprietary information, in this case will not disclose Confidential Information, without prior written consent of the affected or disclosing party.

3. **Permissible Disclosures.** Notwithstanding Paragraph 2, Confidential Information may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the Confidential Information, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any Special Master, Arbitrator, or Mediator

appointed by the Court) – all of whom are bound by this Order. Subject to the provisions (c), *infra*, such Confidential Information may also be disclosed:

(a) to any person designated by the Court in the interests of justice, upon such terms as the Court may deem proper;

(b) all non-party witnesses noticed for depositions, designated as trial witnesses, outside consultants or experts retained for the purpose of assisting counsel in the litigation, to the extent reasonably necessary, provided, however, that in all such cases the individual to whom disclosure is made has signed a form containing:

(1) a recital that the signatory has read and understands this Order;

(2) a recital that the signatory understands that unauthorized disclosure of the Confidential Information constitutes contempt of Court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

(c) Documents may be disclosed to any party/litigant in this lawsuit after execution of a form containing:

(1) a recital that the signatory has read and understands this Order;

(2) a recital that the signatory understands that unauthorized disclosure of Confidential Information constitutes contempt of Court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

4. **Declassification.** A party may object to the classification of a document as Confidential Information by sending a letter to the party making the designation. If the party making the designation does not respond to such objection within two (2) weeks of service thereof, by making an application to the Court as described below, the document subject to the objection shall be declassified, as a matter of course, and may thereafter be treated as not Confidential Information. To maintain Confidential Information status after objection, the proponent of confidentiality must apply to the Court for an Order maintaining confidentiality, and must show in that application, that there is good cause for the document to have such protection. Such application shall be treated as a motion filed under the Local Rules.

5. **Confidential Information in Depositions.**

(a) A deponent may not, during the deposition, be shown and examined about Confidential Information unless they have prior knowledge of the Confidential Information or sign the appropriate form prescribed in paragraphs 3(b) and 3(c).

(b) Parties (and deponents) may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as containing Confidential Information. Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with a stamp indicating that the page so marked is confidential. Until expiration of the thirty-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as Confidential Information; if a timely designation is made, the designated deposition excerpts and exhibits shall be treated as Confidential Information. Any party objecting to the Confidential Information designation shall follow the procedure identified in section 4 of this Order.

6. **Use at Trial or Other Public Hearing.** The designation of a document as containing Confidential Information does not affect or limit the document's use at trial. The parties, if necessary, may address the Court at a later time as to the appropriate handling of Confidential Information at any trial or other public hearing.

7. **Subpoena by Other Court or Agency.** If another court or agency subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Order, that party shall promptly notify the party or other person who designated the document as containing Confidential Information of the pendency of such subpoena or order.

8. **Filing.** Documents containing Confidential Information that that are filed with the Clerk shall be filed under seal and shall remain sealed while in the Office of the Clerk so long as they retain their status as Confidential Information. The seal shall designate the case caption and a notice indicating "The documents produced herein have been designated as private and confidential by Court Order. These documents are not to be opened or disclosed to anyone except the Court." Any confidential documents mistakenly filed without being sealed shall be corrected as soon as possible by the party who mistakenly filed the pleading or document with the Court.

9. **Use.** Persons obtaining access to Confidential Information covered by this Order shall use the information only for investigation, preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

10. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this case. At the conclusion of this case, the parties may either: (a) return documents containing Confidential Information and all copies of the same (other than exhibits of record) to the party or person that produced such document, or (b) segregate the documents containing Confidential Information for destruction, assuring access to no person other than counsel bound by the terms of the Order.

11. **Modification.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes otherwise improper.

12. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of documents containing Confidential Information.

13. **No Waiver.** Documents or other confidential information inadvertently disclosed may be retroactively deemed confidential by written correspondence from the party inadvertently making the disclosure to the parties or person(s) to whom such disclosure was made.

14. **Further Objections.** Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Information.

Dated at Green Bay, Wisconsin this 22nd day of July, 2021.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge